568

LUISA DE LA HABA DE R. FUERTES, ET UX., Plaintiff and
Appellees, *v.* GAY & Co., *S. en C.,* Defendant and Appellant.

No. 7395.   Argued December 16, 1937.—Decided February 2, 1938.

*González Fagundo & González Jr.*, for appellant. *Gabriel de la Haba* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The complaint sets forth three causes of action. In the first it is alleged that the plaintiffs on September 10, 1931 bought from the defendant two rural properties described in the complaint, for a consideration of $4,000, of which they paid $2,000 prior to the execution of the deed, and deferred the balance, which was to be paid in two equal installments, the first maturing on June 30, 1932 and the second on June 30, 1933; that the payment of the balance of the purchase price was secured by mortgage upon the two properties; that in the deed of sale it was stated that one of the properties was subject to several liens appearing in the registry, and that the other was pending record until a dominion title proceeding should be terminated; that the vendor partnership undertook to cancel the liens upon the first property, as well as to record the dominion title proceedings with respect to the second, which up to November 6, 1933, date of the complaint, had not been done, in spite of the efforts to that end made by the plaintiffs, and the offers of the defendant; that since one of the properties had not been freed from the liens encumbering it, and the other had not been recorded, the plaintiffs had been prevented from selling them advantageously; that for those reasons they had notified the defendant through its managing partner, Julio Gay, that they considered the contract of sale rescinded and were asking for the return of the amount paid on account of the purchase price, together with interest and the value of the improvements.

In the second cause of action it is alleged that the plaintiffs have made improvements on the properties up to the sum of $676, which has not been reimbursed to them by the defendant, and that likewise they have not received interest

on the $2,000 paid on account of the purchase price at the rate of 6 per cent per annum from September 10, 1931 up to September 10, 1933, amounting to $240, nor interest accrued from that date on.

In the third cause of action it is alleged that due to the imperfect state of the title to the properties the plaintiffs have been prevented from selling both of them for a price of $5,000, which has caused them a loss of $1,000, which they now claim.

After a demurrer for insufficient facts had been overruled, defendant answered, denying each of the allegations in the second and third causes of action, and a part of the allegations of the first, of which the remainder were admitted. As special defenses defendant averred: first, that the plaintiffs knew that the liens encumbering one of the properties constituted an encumbrances upon another, larger property belonging to the United Porto Rican Sugar Company (of Porto Rico) from which it had been segregated, and that they could not be cancelled until the encumbrances on the principal property were cancelled, for which reason no term was fixed; second, that the plaintiffs had not paid either the installment maturing on June 30, 1932 or the interest thereon, such payment not being "subject to any condition as to recording."

A trial was had and on March 12, 1936 the court entered judgment, annulling the contract of sale, directing the restitution of what each party had received at the time the same was executed, adjudging the defendant to pay to the plaintiffs interest upon $2,000 at the legal rate from the time the complaint was filed, and likewise adjudging the defendant to pay to the plaintiffs the $676 invested in improvements, together with costs, disbursements, and attorneys fees. From this judgment defendant appeals to this Supreme Court, and assigns seven errors. The first is directed to the order of the lower court overruling the demurrer in spite of the fact

that the appellees do not allege in the complaint, as, according to appellant, is required by Section 127 of the Code of Civil Procedure (1933 ed.), that they had performed the terms of the contract binding upon them, paying the installment matured on June 30, 1932 and on June 30, 1933.

It is alleged in the complaint that the defendant partnership undertook in the deed of sale to cancel the encumbrances existing upon one of the properties and to terminate and record the dominion title proceedings which were being prosecuted in connection with the other. Although it does not appear that the written contract fixed a period within which the defendant should complete these steps, that does not mean that the defendant could prolong that situation indefinitely or as long as it pleased. It had only a reasonable time within which to perform, and in not doing so, it left the plaintiffs free to elect between rescission or fulfillment of the contract, in accordance with Section 1077 of our Civil Code. The defendant could not expect the plaintiffs to pay the first installment maturing on June 30, 1932, when on that date 9 months and 20 days from the date of the deed of sale had already elapsed, a more than reasonable term, without performance by the defendant of the obligations imposed upon it by the contract. Section 217 of the Code of Civil Procedure, cited by appellant and outlining what must be alleged by a plaintiff with respect to the performance of the obligations therein referred to, is applicable solely when conditions precedent are involved, that is, those which the plaintiff must perform before becoming entitled to demand from the other contracting party the performance of his obligations. Appellant was undoubtedly led into error by the Spanish text of the section, a defective translation from the English text which must prevail in cases of conflicts such as that which we point out. The phrase "In pleading the performance of conditions precedent in a contract" was erroneously translated as: "Al alegar el cumplimiento de

las condiciones establecidas en un contrato," the error consisting in the omission of the word "precedentes." The payment of the first and second installment was not a condition precedent to the performance of the obligation undertaken by the defendant to clear up the encumbrances on one of the properties and to record the dominion title proceedings then being prosecuted with respect to the other. This being so, the plaintiffs are not required to allege in the complaint, as a condition precedent to the exercise of the action for rescission, payment of the matured installments to the defendant, and for this reason we are of the opinion that the lower court acted correctly in overruling the demurrer.

■ The next four assignments may be treated together. They refer to the questions put by the plaintiffs to their witnesses Luciano R. Fuertes and Ramón Morales and to the rulings of the court refusing to strike their answers. The first of these questions was as follows:

"In connection with the purchase of the two properties in Ward Peña Pobre of the municipality of Naguabo, acquired by Deed No. 131, plaintiffs' Exhibit 1, can you state, can you inform us what was agreed with respect to the cancellation of the encumbrances mentioned in that deed? You may refresh your recollection by reading from the deed if you wish, and in what form it was agreed."

The second was:

"In signing that deed, Mr. Morales, in reading and signing that deed, did Mr. Fuertes make any request with respect to the cancellation of those encumbrances and the recording of the dominion title proceedings referred to in that deed?"

Both witnesses testified as to an oral agreement between the purchasers and the vendor made at the time of execution of the deed of sale and arising therefrom, by which the defendant partnership would write a letter to the plaintiffs fixing a period of three or four months for cancellation of the encumbrances and the termination and recording of the

dominion title proceedings. Appellant contends that both questions were inadmissible for the reason that, since all of the conditions of the purchase appear in the deed executed for that purpose, no evidence is admissible, except in some cases, as to conditions other than those appearing in the document. In support of this, Sections 25 and 28 of the Law of Evidence are cited. These sections provide:

"Section 25.—When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore, there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreements other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings.

"2. Where the validity of the agreement is the fact in dispute.

"But this section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in section thirty-four, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term 'agreement' includes deeds and wills, as well as contracts between parties.

"Section 28.—For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it may also be shown, so that the judge be placed in the position of those whose language he is to interpret."

In our judgment, there was no error in the admission of this testimony. It does not vary, modify, or in any way alter the written instrument. It was admissible as evidence of a contemporaneous agreement between the same parties upon a point on which the written contract was left incomplete by the express will of the parties, with the intention of completing the same by separate agreement. The evidence offered by the plaintiffs to show the fixing of a term for the cancellation of the encumbrances and the recording of the title proceedings is ample and sufficient; and it does not appear from the record that this evidence was in any way

controverted by the defendant. In "Jones on the Law of Evidence" we find the following:

"The general rule under discussion is not violated by allowing parol evidence to be given of the contents of a distinct, valid, contemporaneous agreement between the parties which was not reduced to writing, when the same is not in conflict with the provisions of the written agreement. (Section 439, page 552.) Pocket ed.

"Where a writing, although embodying an agreement, is manifestly incomplete, and is not intended by the parties to exhibit the whole agreement, but only to definte some of its terms, the writing is conclusive as far as it goes. But such parts of the actual contract as are not embraced within its scope may be established by parol." Section 440, page 553, handbook ed.

The sixth assignment is to the effect that the lower court erred in applying improperly Section 1077 of the Civil Code of Puerto Rico (1930 ed.). In arguing this point, appellant says that this section cannot be given an isolated interpretation, but must be interpreted together with Sections 1242 and 1246 of the same code, which are the source and origin of the action here maintained. These sections provide:

"Section 1077.—The right to rescind the obligations is considered as implied in mutual ones, in case one of the obligated persons does not comply with what is incumbent upon him.

"The person prejudiced may choose between exacting the fulfilment of the obligation or its rescission, with indemnity for damages and payment of interest in either case. He may also demand the rescission, even after having requested its fulfilment, should the latter appear impossible.

"         .         .         .         .         .         .         .         .         .         .

"Section 1242.—Contracts validly executed may be rescinded in the cases established by law.

"         .         .         .         .         .         .         .         .         .         .

"Section 1246.—The action for rescission is a subsidiary one; it may be enforced only when the person injured has no other legal remedy to obtain reparation for the injury."

Therefore, argues the appellant, since one of the two properties acquired by plaintiffs is subject to encumbrances

affecting as well the principal property from this was segregated, the duty to cancel rests upon the United Porto Rican Sugar Company (of Porto Rico, which owns the principal property, and not upon the appellants, and that consequently plaintiffs cannot maintain this action for rescission, a subsidiary action, without first requiring that a term be fixed within which to perform the agreement.

It is obvious that this argument is groundless. Clause sixth of the deed of sale provides:

"*Sixth.*—The vendor partnership undertakes to cancel the encumbrances to which the first property sold is subject, and to complete and record the dominion title proceedings being prosecuted with respect to the other property."

The defendant, as vendor, freely assumed the obligation of passing title to the property so sold to the purchasers, free of encumbrances existing upon the same at the date of the deed. The fact that the principal property, from which that sold to the plaintiffs was segregated, may have passed into the hands of another person does not excuse the defendant from performing the obligations undertaken in clause sixth above transcribed.

Similarly the plaintiffs are not prevented from having recourse to the action for rescission on account of its subsidiary character, as recognized by Section 1246 of the code, without first requiring that a term be fixed for defendant's performance of the agreement.

Section 1243 of the Civil Code does not limit contracts which may be rescinded to the first four therein enumerated. On the contrary, it permits, in paragraph 5, the rescission of any other contract specially determined by law. See volume 8 of Manresa's commentaries on the Spanish Civil Code, second corrected edition, page 730. Among the other contracts specially determined by law, is found the case provided for in Section 1077 of the same code, which is the basis of the action brought by these plaintiffs. Section 1246 of our

code, which characterizes the action for rescission as subsiadiary and limits it to cases in which the injured person has no other legal remedy to obtain reparation for the injury, is not applicable either to those cases specially determined by law, or to those other cases where rescission is by the express will of either or both of the parties. Its application is limited to the four cases enumerated in Section 1243.

"*Cases not enumerated in the statute. Rescission by agreement.* With more or less inexactitude of language, it is customary to use *rescission* to refer to the termination of a contract by the will of either or both of the parties in accordance with the terms thereof. With respect to these cases, and with special reference to Section 1294, it has been said that 'this section, as well as those preceding and following it, refer to contracts which are rescindible by reason of statutory provisions, and has no application to the rescission of those contracts in which the interested parties, in exercise of their sovereign will in the matter, establish a condition subsequent, upon the performance of which depends the subsistence of the contract' (judgment of April 24, 1901).

"Included within what we call rescission by agreement are conditions subsequent, the term therefor, and the power of any of the parties to take advantage thereof, which have no connection with the rescission of which we are speaking rather for the purpose of distinguishing it from them, as does the judgment referred to.

"The other cases referred to in the statute are diverse; the most frequent have to do with purchases and sales, and the most usual case is that found in Section 1124, for the case of a failure to perform mutual obligations. It is to be noted that in these cases the chapter upon which we are commenting is hardly applicable; the intervention of third parties is not anticipated; a breach by the contracting parties is not required (for example, Sec. 1124), and ordinarily, far from being actions subordinated to other actions, it is permissible to elect between an action for rescission and some other action." 8 Manresa, Commentaries on the Spanish Civil Code, 2d ed., corrected and amplified, pages 734-735.

There is a clearer statement by the same commentator in his discussion of Section 1294 of the Spanish Civil Code, equivalent Section 1246 of our code, where he says:

"We have already stated in discussing Section 1290 that this section is not applicable, either to rescission by agreement, or, accordingly, to any case enumerated by the statute outside of this chapter; and, bearing this in mind, we turn to examine some special applications which the section may have, as applied to the different cases enumerated in Section 1291."

Since plaintiffs' action is not subsidiary, there was no reason for them to demand, prior to bringing the same, that a term be fixed within which the defendant might perform the obligations imposed upon it by the contract of purchase.

The sixth assignment of error must be overruled.

In the seventh assignment the appellant attacks the judgment as being in his judgment contrary to the evidence. We have read the statement of the case prepared by the defendant, and the summary of the evidence therein contained is sufficient for us to hold that the judgment is amply supported by the evidence.

The judgment must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.